UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON STONE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-628-JD-MGG |
| WEXFORD HEALTH LLC, et al., | |
| Defendants. | |

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. He has also filed a motion for a temporary restraining order and preliminary injunction. ECF 25. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Stone states that he has been housed at Westville Correctional Facility since August 2019, where he has received inadequate medical care. ECF 1 at 6. Stone first explains that, on October 15, 2019, he became ill with a head cold, runny nose, and chills, and submitted a request for health care form seeking treatment for his symptoms. *Id*. at 7. He states he received a response 16 days later informing him that he

had submitted the request to the wrong unit. *Id*. at 7-8. Next, Stone explains that, on October 20, 2019, he submitted a second health care request form because he was having headaches and stomach pain. *Id*. at 8. He states he received a response to his request 11 days later and was told to resubmit the request to the correct unit. *Id*.

On November 5, 2019, Stone states he was scheduled for a sick call appointment but could not go to the medical unit because he was too sick. ECF 1 at 10. He asserts that the medical staff would not see him at his cell front. *Id*. Stone was then seen a week later at his cell front and told a nurse that he felt better but he was still ill. *Id*. Stone submitted a third health care request form on November 6, 2019, in which he stated: "My sick calls are being den[ie]ed because they keep going to WCC, these are the only health care forms available [for the whole of Westville]. You are denying me health care. I am sick and need to be seen." *Id*. at 9. Despite the lack of treatment, Stone states his health improved. *Id*. at 11.

Stone next claims that, on December 7, 2019, at about 9:20 a.m., when he was being escorted to the shower, he slipped and fell in such a way that it resulted in a painful neck and back injury. ECF 1 at 13-14. He states that a correctional officer also fell on top of him after he had fallen down. *Id*. at 14. Stone explains that shortly after he fell down, he was taken to the medical unit and examined by Nurse Josh Kelper. *Id*. at 15. While he was being examined, Stone asked Nurse Kelper if he could see a doctor. *Id*. He states that Nurse Kelper allegedly told Stone he was "full of **** and didn't need to see a doctor." *Id*. Stone explains he told Nurse Kelper he had no reason to lie about his pain and his range of motion was limited as a result of the fall. *Id*. at 16.

2

The next day, on December 8, 2019, he filed an informal grievance and submitted a health care request form. ECF 1 at 17. On his healthcare form, Stone indicated that Nurse Kelper denied his request to see a doctor. *Id*. He states Wexford Medical Director Dorothy Livers responded to his request stating he had been assessed by the medical staff and he did not need to be seen by a doctor. *Id*. He submitted a second health care request form, on December 16, 2019, asking why he had not been seen for his injury. *Id*. Stone received a response about six weeks later, which stated he had been seen for his injuries on December 7, 2019, and there were no doctor's orders. *Id*. at 19. On December 18, 2019, he submitted a third health care request form stating that, due to his neck and back injuries, he could barely get out of bed. *Id*.

On January 6, 2020, Stone submitted a fourth health care request form stating his neck and back symptoms had worsened and Nurse Kelper and Wexford Medical Director Livers would not refer him to a doctor. ECF 1 at 20. He later submitted informal and formal grievances explaining he had not received treatment for his injuries, but his grievances were denied. *Id*. at 21, 22. On June 5, 2020, Stone sent a fifth health care request form to the medical unit stating that he had repeatedly made requests for treatment for his neck and back injuries, but they had not been answered. *Id*. at 22.

On June 11, 2020, Stone states that Correctional Officer Kyle Kranick escorted him to a sick call appointment in the medical unit where he met with Nurse Rhonda Adkins. ECF 1 at 24. He asserts that, during the appointment, she treated him with contempt and disrespect. *Id*. Stone claims that she implied that because he is a prisoner

he does not deserve to have appropriate medical care. *Id*. Thus, according to Stone, Nurse Adkins's statements were so extreme that they alone show she was deliberately indifferent to his serious need for medical treatment and did not provide him with appropriate treatment for his neck and back injuries. *Id*. at 24-25.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or

she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). However, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Stone has sued Wexford Health LLC alleging its employees were deliberately indifferent to his serious need for medical treatment for his head cold, runny nose, chills, headaches, and stomach pain in October 2019, as well as his neck and back injuries stemming from his fall in December 2019. ECF 1 at 27. He claims that Wexford would not respond to his requests for medical care and denied him medical care each time he requested it. *Id*. at 28, 32, 33. Here, it appears that Stone is attempting to hold Wexford liable because they employ the prison's medical staff. However, Wexford cannot be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others civil rights."). Because Stone's complaint against Wexford appears to be based only on the medical staff's decisions

5

related to his care in October 2019, and December 2019, he cannot proceed against Wexford.

Next, Stone has sued Nurse Kelper asserting he was deliberately indifferent to his serious need for medical care after he slipped and fell down injuring his neck and back on December 7, 2019. ECF 1 at 28. He claims that, after Nurse Kelper examined him on the day he fell down, Nurse Kelper told him he did not need to see a doctor and minimized the severity of his symptoms. *Id*. at 15-16, 28. However, Stone has not plead facts from which it can reasonably be inferred that Nurse Kelper was not exercising his medical judgment when he concluded Stone did not need to be referred to a doctor for additional treatment. Therefore, Stone may not proceed against Nurse Kelper.

Stone has also sued Wexford Medical Director Livers alleging that she did not respond to his requests for medical care and refused to schedule an appointment for him to see a doctor after he injured his neck and back. ECF 1 at 17, 20, 29, 33. While it is not entirely clear from his complaint, Stone seems to assert that Livers's actions violated his Eighth Amendment rights because she is Wexford's Medical Director and oversees the medical staff. *Id*. However, Stone has not shown that Livers was personally involved in his medical care. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (a § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim."); *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). And there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Id*. at 594. Thus, Stone may not proceed against Livers on his Eighth Amendment claim.

Lastly, Stone has sued Nurse Rhonda Adkins asserting that she was deliberately indifferent to his serious need for treatment when she met with him and allegedly called him a liar and laughed at his pain on June 11, 2020. ECF 1 at 29-30, ECF 1-2 at 1-8. While Stone may not have appreciated Nurse Adkins's comments, Nurse Adkins's assessed his condition and told Stone that she would relay his concerns about his pain to the doctor. ECF 1-2 at 7. Because Stone has not plead facts which plausibly allege Nurse Adkins was not using her medical judgment when she assessed his condition, he cannot proceed against her.

As a final matter, Stone has filed a motion for a temporary restraining order and preliminary injunction. ECF 25. However, because his complaint does not state a claim, the motion will be denied.

While Stone's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, Stone should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES Brandon Stone's motion for a temporary restraining order and preliminary injunction (ECF 25);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Brandon Stone;

(3) GRANTS Brandon Stone until **July 30, 2021,** to file an amended complaint on that form; and

(4) CAUTIONS Brandon Stone that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 6, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT