UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON STONE,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-628-JD-MGG

WEXFORD HEALTH SOURCES, INC.,
et al.,

    Defendants.

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed an amended complaint against four defendants. ECF 31. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Stone asserts essentially the same facts as he asserted in his original complaint. He states that, on October 15, 2019, he became ill with a head cold, a runny nose that bled, and cold chills that racked his body with violent tremors. ECF 31 at 2. Stone submitted a health care request form, but he was denied treatment. *Id*. He received a response to his request sixteen days later informing him that he had to

resubmit his request. *Id*. Stone submitted two additional requests for treatment, but they were also denied. *Id*.

On November 6, 2019, Stone once again requested medical treatment for his head cold symptoms. *Id*. He submitted a health care request form in which he reported he was sick and needed to be seen by medical staff. *Id*. Stone was denied medical treatment even though his condition had worsened, and he had developed additional symptoms, including chronic headaches and stomach pain. *Id*.

About a month later, on December 7, 2019, at 9:20 a.m., while Stone was being escorted in handcuffs, he slipped and fell down on the floor, which caused him to injure his back and neck. *Id*. at 3. A correctional officer also fell on top of him after he had fallen down. *Id*. After his fall, Stone was taken to the medical unit and examined by Nurse Josh Kelper. *Id*. While he was being examined, Stone asked Kelper if he could see a doctor. *Id*. He states that Kelper allegedly told Stone he was "full of s***" and "didn't need to see a doctor." *Id*.

On December 8, 2019, Stone filed a grievance about Kelper's treatment and later submitted multiple health care requests for treatment for his back and neck injuries. *Id*. Dorothy Livers, Wexford's Medical Director, responded to one of his requests stating he had already been evaluated by medical staff and did not need to be seen by a doctor. *Id*. Stone states that his other requests for medical treatment were also denied. *Id*.

Next, on February 14, 2020, Stone states he became ill due to food poisoning, which caused him to have painful stomach cramps, diarrhea, and occasional bouts of vomiting. *Id*. at 2-3. He submitted a health care request, but despite the "terrible state

2

[he] was in physically and mentally" it took the defendants twenty-five days to provide him with medical care. *Id*. at 3. Stone states his medical record was documented with a statement that his "concerns were addressed" even though nothing was done to help him. *Id*.

After Stone submitted additional requests for medical treatment, Nurse Rhonda Adkins met with him on June 11, 2020. *Id*. at 4. He states that after he discussed his neck and back injuries with Adkins, she would not provide him with treatment and allegedly told him he did not deserve to have timely or appropriate medical care because he is a prisoner. *Id*. Adkins also allegedly told Stone that she did not take her oath as a health care professional so that she could treat people like him. *Id*.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). However, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Stone has sued Wexford Health Sources, Inc.[1] alleging that Wexford's employees were deliberately indifferent to his serious need for medical treatment for his head cold, runny nose, chills, headaches, and stomach pain in October 2019, his back and neck injuries stemming from his fall in December 2019, and his bout of food poisoning on

---

[1] The court construes Wexford Health Sources, Inc. to mean Wexford of Indiana, LLC.

4

February 14, 2020. ECF 31 at 2-3. He claims that Wexford would not respond to his requests for medical care and denied him care each time he requested it. *Id.* at 3-4. Here, it appears that Stone is attempting to hold Wexford liable because they employ the prison's medical staff. However, Wexford cannot be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others civil rights."). Because Stone's amended complaint against Wexford appears to be based only on the medical staff's decisions related to his medical care, he cannot proceed against Wexford.

Next, Stone has sued Nurse Kelper asserting he was deliberately indifferent to his need for medical care after he fell down and injured his back and neck. ECF 31 at 3. He claims that, after Kelper examined him, Kelper told him he did not need to see a doctor and refused to provide him with care despite the severity of his condition. *Id.* However, Stone has presented nothing to indicate that Kelper's conduct reflects "a substantial departure from accepted professional judgment, practice, or standards." *Jackson*, 541 F.3d at 697. Therefore, Stone may not proceed against Kelper.

Stone has also sued Medical Director Livers alleging that she did not respond to his requests for medical care and refused to schedule an appointment for him to see a doctor after he injured his back and neck. ECF 31 at 3. While it is not entirely clear from his amended complaint, Stone seems to assert that Livers's actions violated his Eighth Amendment rights because she is Wexford's Medical Director and oversees the medical

5

staff. *Id*. However, Stone has not shown that Livers was personally involved in his medical care. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (a § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim."); *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). And there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Id*. at 594. Thus, Stone may not proceed against Livers on his Eighth Amendment claim.

Lastly, Stone has sued Nurse Adkins asserting that she did not provide him with medical treatment after she assessed his condition and allegedly told him he did not deserve timely and appropriate medical care because he is a prisoner. ECF 31 at 4. He also claims she allegedly told him she did not take an oath as a health care professional to treat people like him. *Id*. While Stone may not have appreciated Adkins's comments, there is nothing to suggest that her conduct reflects "a substantial departure from accepted professional judgment, practice, or standards." *Jackson*, 541 F.3d at 697. Therefore, he cannot proceed against her.

To the extent Stone assert the defendants violated his rights under Indiana Code § 11-10-3-2(c)(1), which mandates that a confined person is entitled to "medical care, medical personnel, and medical facilities of a quality complying with applicable state licensing requirements," he has not stated a federal claim. In the absence of a federal claim, this court relinquishes jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it

relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). The court will dismiss any state law claims contained in the amended complaint without prejudice should Stone wish to pursue them in state court. This court offers no opinion about the wisdom of pursuing this course of action or the merit of any potential claim he may have.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE any state law claims contained in the amended complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on December 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

7